UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RON MERCER, *et al.*,

        Plaintiffs,

v.

EDWARD ROSE & SONS, INC.,
doing business as THE
CROSSINGS APARTMENTS
and EDWARD ROSE
COMPANY,

        Defendants.
_____/

Case No. 2:21-cv-11336
District Judge Nancy G. Edmunds
Magistrate Judge Anthony P. Patti

### ORDER GRANTING PLAINTIFFS' MOTION FOR PROTECTIVE ORDER (ECF No. 17) AND DIRECTING THE CLERK OF THE COURT TO STRIKE FROM THE RECORD ECF Nos. 17-1

    This matter came before the Court for consideration of Plaintiffs' motion for protective order (ECF No. 17), Defendants' response in opposition (ECF No. 19), and Plaintiffs' reply (ECF No. 21.)[1] Judge Edmunds referred the motion to me for a hearing and determination. (ECF No. 18.) A hearing via Zoom was held on November 24, 2021, at which counsel for both sides appeared and the Court entertained oral argument regarding the motion.

---

[1] Also pending before the Court is Plaintiffs' motion to quash (ECF No. 22), which has been set for a hearing and determination (ECF No. 24) and will be decided under separate cover, unless otherwise resolved.

Upon consideration of the motion papers and oral argument, and for all of the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Plaintiffs' motion for protective order (ECF No. 17) is **GRANTED**.  The Court first finds that the motion is governed by Fed. R. Civ. P. 26(c) as opposed to Fed. R. Civ. P 10(a), which applies specifically to parties only.  Under Fed. R. Civ. P. 26(c), "[a] party or *any person* from whom discovery is sought may move for a protective order," and "[t]he court may, for good cause, issue an order to protect a party *or person* from annoyance, embarrassment, oppression, or undue burden or expense[.]"  Fed. R. Civ. P. 26(c)(1) (emphases added).

Balancing the factors set forth in *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305-06 (6th Cir. 2016) and *Doe v. Provident Life & Accident Ins. Co.*, 176 F.R.D. 464, 469 (E.D. Penn. 1997), the Court finds good cause here to enter a protective order prohibiting the filing of materials in the public record that contain the full names of Plaintiffs' sons.  Although openness is favored: (1) the information that will be discoverable and discussed as part of the litigation regarding the sons' disabilities, and how they have suffered as a result, will likely be highly embarrassing; (2) the sons are not parties to the suit; and, (3) the public interest in the litigation's subject matter will not be unduly affected, as Plaintiffs' names as well as the subject matter of the suit, and even the sons'

respective disabilities which are at issue, remain public. Further, the Court finds that Defendants will suffer no significant prejudice or undue burden as a result of granting the motion. Redaction, although somewhat onerous, is often required in litigation.

Accordingly, as discussed on the record, the Court **ORDERS** that the John Doe sons be referred to as Doe Mercer and Doe Newhof in all public filings, and that Plaintiffs' counsel: (1) create a Word version of the proposed order attached to the instant motion (ECF No. 17-2); (2) make the appropriate changes to it by replacing "John Doe 1" and "John Doe 2" with "Doe Mercer" and "Doe Newhof"; and (3) seek opposing counsel's approval of the order as to form only before submitting it to the Court through its Utilities function. Further, the Court **DIRECTS** the Clerk of the Court to **STRIKE** ECF Nos. 17-1 and ____ so as not to appear on the record, and Plaintiffs' counsel to **RE-FILE** that document as a supplemental exhibit with the names redacted.

Finally, the Court awards no costs, finding Defendants' opposition to the instant motion substantially justified and that other circumstances, as discussed on the record, make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(ii) and (iii).[2]

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within

**IT IS SO ORDERED.**

Dated: November 24, 2021

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).