UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RON MERCER, KRISTI MERCER,
NED NEWHOF, RINDA NEWHOF,
and THE FAIR HOUSING CENTER
OF WEST MICHIGAN,

        Plaintiffs,                        Case No. 21-11336

v.                                            Honorable Nancy G. Edmunds

EDWARD ROSE & SONS, INC. d/b/a
THE CROSSINGS APARTMENTS and
EDWARD ROSE COMPANY,

        Defendants.
_____/

**ORDER DENYING PLAINTIFFS' MOTION TO ALTER AND AMEND AND/OR
GRANT RELIEF FROM THE COURT'S ORDER AND JUDGMENT [87]**

        The Court has entered judgment in favor of Defendants in this case brought under the Fair Housing Amendments Act ("FHAA") and Michigan's Persons with Disabilities Civil Rights Act ("PWDCRA") as a result of the denial of a lease application submitted on behalf of two men in their twenties who have mental and cognitive impairments. Plaintiffs now move for relief from that judgment and the underlying opinion and order (ECF Nos. 85, 86) under Federal Rules of Civil Procedure 59(e) and 60(b)(1). (ECF No. 87.) Defendants oppose the motion. (ECF No. 89.) Plaintiffs have filed a reply. (ECF No. 90.) For the reasons below, the Court DENIES Plaintiffs' motion.

**I.    Legal Standard**

        Rule 59(e) authorizes a party to move a court to alter or amend a judgment within 28 days after entry of the judgment. "A Rule 59 motion should only be granted if there

1

was (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Mich. Flyer LLC v. Wayne Cty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017) (citation omitted).

Rule 60(b)(1) allows a court to relieve a party from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect." The Sixth Circuit has stated that a motion under this rule "is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citation omitted).

**II.     Analysis**

Plaintiffs ask the Court to reconsider its ruling on all of their claims. But their arguments constitute in large part a repetition of their previous arguments. "A motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citation omitted). Thus, the Court need not address most of Plaintiffs' arguments. Nonetheless, the Court has considered Plaintiffs' motion and does not find any error or mistake that would warrant relief under Rule 59(e) or Rule 60(b)(1).

With regard to their failure to accommodate claims, Plaintiffs argue that Doe Newhof's participation in the Ticket to Work program shows that the accommodation was necessary to ameliorate the economic hardship resulting from his disability. But there is a tension between this argument and Plaintiffs' express stipulation that Doe Newhof's temporary period of unemployment in 2020 was not because of his cognitive impairment. Moreover, the Court found in the alternative that even if the inability to meet

the income requirement was directly linked to Doe Newhof's disability, the requested accommodation was not necessary because Defendants proposed an alternative—leasing a cheaper unit. Plaintiffs argue that this conclusion was based on an incorrect recitation of the facts; more specifically, they take issue with the Court's statement that "it is undisputed that Defendants suggested the option of leasing a less expensive apartment prior to denying the application." (*See* ECF No. 85, PageID.5884.) Plaintiffs acknowledge, however, that the Court's earlier, more detailed recitation of the facts was accurate. That summary shows that while Defendants did not suggest the alternative prior to the initial denial of the application, they did do so prior to the final denial of the application. (*See id.* at PageID. 5875-77.) Thus, any purported inaccuracy in the Court's statement does not alter the conclusion regarding the lack of necessity of the requested accommodation.

### III. Conclusion

For the reasons above, Plaintiffs' motion under Rules 59(e) and 60(b)(1) is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: January 17, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 17, 2024, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager

3